IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:09-CR-53-WKW |
| | ) | (WO) |
| CURTIS M. MONROE, JR. | ) | |

**<u>ORDER</u>**

Upon consideration of the pro se motions for transcripts and discovery (doc. ## 75 and 76) filed *pro se* by the defendant, it is

ORDERED that the motions be and are hereby DENIED.  In 2011 Monroe plead guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and was sentence to a term of imprisonment of 97 months.  He did not appeal.  The records of this court further show that Monroe has not filed a motion for relief under 28 U.S.C. § 2255.  "Fees for transcripts furnished in proceedings brought under section 2255 ... to persons permitted to sue ... in forma pauperis shall be paid by the United States ... if the trial judge ... certifies that the suit ... is not frivolous and that the transcript is needed to decide the issue presented by the suit...." 28 U.S.C. § 753(f).  The Eleventh Circuit's predecessor court has previously affirmed a district court's denial of a federal prisoner's transcript request where the appellant had no appeal pending and had not moved to vacate his sentence under 28 U.S.C. § 2255. *See Walker v. United States*, 424 F.2d 278, 279 (5th Cir.1970) (holding that "only where a [habeas] petitioner ... has been granted leave to proceed in forma pauperis and his application is pending before the

court is that petitioner is entitled to be furnished copies of court records without costs."). Moreover, "[b]ased on the plain language and necessary operation of [ 28 U.S.C. § 753(f) ], ... a motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion has been filed." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir.1998); *see also United States v. Losing*, 601 F.2d 351, 352 (8th Cir.1979) (holding that, under the language of § 753(f) and the Supreme Court's decision in *United States v. MacCollom*, 426 U.S. 317 (1976), "any request for a free transcript prior to the filing of a section 2255 complaint is premature."). For the same reasons, Monroe's discovery requests are premature.

      Done this 2nd day of February, 2012.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE